UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>CANYON TRAILS HOMEOWNERS ASSOCIATION, et al.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:17-CV-1239 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Vegas Property Services, Inc.'s ("VPS") motion to dismiss. (ECF No. 10). Plaintiff U.S. Bank, National Association ("US Bank") filed a response (ECF No. 14), to which VPS replied (ECF No. 15).

**I.     Facts**

This case involves a dispute over real property located at 7252 Quarterhorse Lane, Las Vegas, Nevada 89148 (the "property"). On August 10, 2005, Ronald Reitz, Jr. and Leah L. Kackstetter obtained a loan from Prado Mortgage in the amount of $224,000.00 to purchase the property, which was secured by a deed of trust recorded on August 16, 2005. (ECF No. 1).

On March 30, 2012, defendant Terra West Collections Group LLC d/b/a Assessment Management Services ("AMS"), acting on behalf of defendant Canyon Trails Homeowners Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $808.56. (ECF No. 1).

The deed of trust was assigned to US Bank via an assignment of deed of trust recorded on August 8, 2012. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

1    On September 17, 2012, AMS recorded a notice of default and election to sell to satisfy
2    the delinquent assessment lien, stating an amount due of $1,886.76.  (ECF No. 1).

3    On October 15, 2012, Bank of America, N.A. ("BANA") requested a ledger from the
4    HOA/AMS identifying the superpriority amount allegedly owed to the HOA.  (ECF No. 1).  The
5    HOA/AMS provided a ledger, but allegedly refused to identify the superpriority amount.  (ECF
6    No. 1).

7    On November 13, 2014, AMS recorded a notice of trustee's sale, stating an amount due of
8    $5,489.72.  (ECF No. 1).

9    BANA calculated the superpriority amount to be $931.91 and tendered that amount to
10   AMS on November 15, 2012, which AMS allegedly refused.  (ECF No. 1).

11   On December 8, 2014, VPS purchased the property at the foreclosure sale for $85,600.00.
12   (ECF No. 1).  A trustee's deed upon sale in favor of VPS was recorded on December 18, 2014.
13   (ECF No. 1).

14   On May 3, 2017, US Bank filed the underlying complaint, alleging four causes of action:
15   (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against
16   AMS and the HOA; (3) wrongful foreclosure against AMS and the HOA; and (4) injunctive relief
17   against VPS.  (ECF No. 1).

18   In the instant motion, VPS moves to dismiss pursuant to Federal Rule of Civil Procedure
19   12(b)(6).  (ECF No. 10).

20   **II.    Legal Standard**

21   A court may dismiss a complaint for "failure to state a claim upon which relief can be
22   granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
23   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*
24   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed
25   factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
26   elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

27   "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550
28   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

**James C. Mahan**
**U.S. District Judge**

- 2 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In the instant motion, VPS argues that dismissal of the complaint is proper based on the *Colorado River* doctrine because a prior-filed case involving the same parties and similar claims is currently pending in Nevada state court. (ECF No. 10 at 6–7). VPS asserts that on August 10, 2015, AMS filed a complaint in interpleader in state court seeking to interplead the sum of $80,106.18 from the sale of the property to VPS. (ECF No. 10 at 6). In response thereto, December

James C. Mahan
U.S. District Judge

- 3 -

16, 2015, US Bank filed counter and crossclaims against the HOA and VPS for quiet title, breach of NRS 1116.1113, wrongful foreclosure, and injunctive relief. (ECF No. 10 at 6). According to VPS, the state court dismissed, without prejudice, US Bank's claims against it for failure to comply with NRCP 4(I). (ECF No. 10 at 6–7).

In response, US Bank argues that it was forced to file a separate action against VPS in light of the state court's dismissal of US Bank's claims against VPS without prejudice. (ECF No. 14 at 2). US Bank contends that this court has subject matter jurisdiction and that VPS has failed to show that abstention is warranted. (ECF No. 14 at 4). The court disagrees.

Ordinarily, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), *certified question answered sub nom. Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103 (Nev. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). "However, '[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation.'" *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 292).

In *Chapman*, the Ninth Circuit found that the United States Supreme Court's prior exclusive jurisdiction doctrine "is a mandatory jurisdictional limitation" and held, in relevant part, as follows:

> Accordingly, where parallel state and federal proceedings seek to "'determine interests in specific property as against the whole world'" (*in rem*), or where "'the parties' interests in the property . . . serve as the basis of the jurisdiction'" for the parallel proceedings (*quasi in rem*), then "the doctrine of prior exclusive jurisdiction fully applies." [S*tate Eng'r v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003)] (alterations omitted) (quoting *Black's Law Dictionary* 1245 (6th ed.1990)).

*Id.* at 1043–44; *see also United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989); *accord Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935); *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998); *Metro. Fin. Corp. of Cal. v. Wood*, 175 F.2d 209, 210 (9th Cir. 1949).

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit has made clear that, "[t]he purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res upon which jurisdiction of each depends." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (citing *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)).

The property at issue in the present case is the same property at issue in the Nevada state court. (*Compare* ECF No. 1 at 3 *with* ECF No. 14-2 at 3). Under Nevada law, quiet title and wrongful foreclosure are considered *in rem* or *quasi in rem*; therefore, the prior exclusive jurisdiction doctrine applies. *Chapman*, 302 P.3d at 1107. Any damages recovered with respect to US Bank's wrongful foreclosure claim are "incidental to the central relief requested in the complaint: possession of, and title to, the property." *Chapman*, 651 F.3d at 1046.

"[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co.*, 294 U.S. at 195. Jurisdiction attaches upon the filing of the complaint. *Id.* at 196; *Chapman,* 651 F.3d at 1044–45.

AMS filed the state court action on August 10, 2015, and US Bank filed its counter and crossclaim against the HOA and VPS on December 16, 2015. Consequently, the Nevada state court first asserted jurisdiction over the proceedings in 2015—well before US Bank commenced this action in 2017. Because this court assumed jurisdiction over US Bank's quiet title action after the state court exercised jurisdiction over AMS's action, the state court's exercise of jurisdiction takes priority. Moreover, while the state court dismissed US Bank's claims against VPS without prejudice, the state court continued to exercise jurisdiction over the property because US Bank's claims against the HOA and AMS are currently pending before the state court.

Further, the *Colorado River* abstention bars this court from asserting jurisdiction over US Bank's complaint. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). In *Colorado River*, the Supreme Court derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id.* Federal courts must consider: "(1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal

**James C. Mahan**
**U.S. District Judge**

- 5 -

litigation; and (4) the order in which the forums obtained jurisdiction." *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 818). Relevant here, the Supreme Court derived the first factor from cases applying the prior exclusive jurisdiction doctrine. *See Colorado River*, 424 U.S. at 818.

Consistent with those principles, the Ninth Circuit has made clear that when there are "pending state court proceedings" involving a single property, the first *Colorado River* factor bars federal courts from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *40235 Washington St. Corp.*, 976 F.2d at 588–89 (holding that when the first *Colorado River* factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary).

Accordingly, because US Bank's claims require *in rem* or *quasi in rem* jurisdiction over the property, US Bank's complaint is dismissed without prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that VPS's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that US Bank's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

The clerk is instructed to close the case.

DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE